# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONSO PERCY PEW, | ) |
| | ) Civil Action No. 16 – 83 |
| Plaintiff, | ) |
| | ) |
| v. | ) District Judge David S. Cercone |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| MAJOR PAUL ENNIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff's right to reopen it by paying the full $400.00 filing fee.[1]

### II. REPORT

Plaintiff Alfonso Percy Pew is an inmate currently incarcerated at the State Correctional Institution at Forest. He has sought leave to proceed *in forma pauperis* ("IFP") in order to file a civil rights complaint against numerous employees at SCI-Forest. His claims against these defendants stem from what appears to have been a fire set by another inmate on April 11, 2016. For the following reasons, Plaintiff's motion for leave to proceed IFP should be denied.

---

[1] On May 1, 2013, the cost of filing a new civil case in federal court increased to $400.00. This increase includes a $50.00 administrative fee in addition to the current $350.00 filing fee. However, the $50.00 administrative fee does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915. If *in forma pauperis* status is denied, the plaintiff will be required to pay $400. Thus, Plaintiff will be required to pay the full $400.00 if he wishes to proceed with this matter.

It is a plaintiff's burden to prove entitlement to IFP status. *See* White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

The Court takes judicial notice of court records and dockets of the Federal Courts located in Pennsylvania as well as those of the Court of Appeals for the Third Circuit. *See* DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). The computerized dockets of those courts reveal that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g),[2] which provides in relevant part that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).

The following actions filed by Plaintiff while *in forma pauperis* were dismissed by the United States District Court for the Eastern District of Pennsylvania as frivolous: Pew v. Cox, Civil No. 93-4128 (E.D. Pa.) (order entered Aug. 20, 1993); Pew v. Clark, Civil No. 94-4813 (E.D. Pa.) (order entered Aug. 19, 1994); Pew v. Pavicic, Civil No. 94-4821 (E.D. Pa.) (order entered Aug. 19, 1994). The following appeals filed by Plaintiff while *in forma pauperis* were dismissed by the Third Circuit as frivolous:[3] Pew v. Cox, C.A. No. 93-2041 (3d Cir.) (order

---

[2] *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), *cert*. *denied*, 533 U.S. 953 (2001).

[3] The Third Circuit Court of Appeals has held that dismissals based on "frivolousness" that occurred prior to the passage of the PLRA are to be included in the amount of strikes under

entered March 31, 1994); Pew v. Casner, C.A. No. 95-7176 (3d Cir.) (order entered July 31, 1995); Pew v. Love, C.A. No. 96-7314 (3d Cir.) (order entered Oct. 24, 1996).

Accordingly, because Plaintiff had at least three strikes, he may not proceed IFP unless he is "under imminent danger of serious physical injury" as revealed by the complaint as of the time of filing the application for leave to proceed IFP and/or the complaint. *See* Abdul-Abkar v. McKelvie, 239 F.3d 307 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) ("The plain language of the statute [i.e., Section 1915(g)] leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.").

Plaintiff alleges that another inmate by the name of Gabriel Rosa Diaz set a fire on K block during the early morning hours of April 11, 2016, and as a result he suffered smoke inhalation. Plaintiff claims that inmate Diaz is a mentally ill inmate who is a danger to himself and others and has had numerous confrontations with staff which have resulted in serious injuries. He further claims that inmate Diaz should not have been housed on K block at SCI Forest due to separations he has with staff. He argues that Defendants should be liable for inmate Diaz's conduct because they had warning that something bad would happen if inmate Diaz was left in a cell with an electrical socket that could cause a fire.

Viewing Plaintiff's allegations most generously, the Court has no hesitancy in concluding that Plaintiff has not met the threshold of showing "an **imminent** danger of serious physical injury" at the time of his filing the Complaint, which the Court takes to be April 12, 2016, the

---

section § 1915(g). *See* Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 144-45 (3d Cir. 1997).

date he signed his Complaint. (emphasis added). The danger that Plaintiff describes in his Complaint has already occurred and therefore cannot be described as "imminent." *See* <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d at 313, ("Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"). As such, it is recommended that Plaintiff's Motion for IFP be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff's right to reopen it by paying the full $400.00 filing fee.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: April 22, 2014

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Alfonso Percy Pew
    BT-7263
    SCI Forest
    P.O. Box 945
    Marienville, PA 16239